COASTAL ELECTRIC CORPORATION, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Coastal Electric Corp. v. Commissioner
Docket No. 7310-73.
United States Tax Court
T.C. Memo 1975-231; 1975 Tax Ct. Memo LEXIS 147; 34 T.C.M. (CCH) 1007; T.C.M. (RIA) 750231; July 14, 1975, Filed Terry B. Light, for the petitioner. Howard L. Williams, for the respondent. GOFFE
MEMORANDUM OPINION GOFFE, Judge: The Commissioner determined a deficiency of $19,005.72 in petitioner's Federal income tax for the taxable year ended September 30, 1971. The sole issue for decision is whether the timely issuance and delivery of petitioner's promissory note to the trustees of the trust for its pension plan constitutes "payment" for purposes of section 404(a) of the Internal Revenue Code of 1954, [1] thus *148 entitling petitioner to a deduction for a contribution to its pension plan. All of the facts have been stipulated. The stipulation of facts and exhibits are incorporated by this reference. Only the facts necessary to an understanding of our opinion will be summarized herein. Petitioner is a corporation organized under the laws of the State of Maryland and, at all material times herein, had its principal place of business in Fairfax, Virginia. Its principal business activity is that of an electrical contractor. Petitioner maintains its books and records and and filed its income tax returns on the accrual method of accounting using a fiscal year ending on September 30. The Federal income tax return for petitioner's taxable year ended September 30, 1971, was filed with the District Director of Internal Revenue at Richmond, Virginia. On or prior to September 30, 1970 petitioner instituted a pension plan for the benefit of its employees called the "Coastal Electric Corporation Pension Trust." The Coastal Electric Pension Trust, as amended, was at all times material herein *149 a "qualified" pension trust within the meaning of section 401, Internal Revenue Code of 1954, as amended. The trustees of the pension trust were not officers, directors, or stockholders of the petitioner. As of September 30, 1971, there were at least 17 employees of the petitioner covered under the pension plan. The pension plan required an annual contribution of $45,000. Prior to the time for filing its Federal income tax return for the taxable year ended September 30, 1971, petitioner executed its 60-day promissory note payable to the order of the Coastal Electric Corporation Employees' Pension Trust in the face amount of $45,526 and delivered such note to the trustees of the pension trust. The note was payable at the Bank of Arlington, Arlington, Virginia. Such note was executed to represent the outstanding indebtedness, including interest, of petitioner for its annual contribution to the pension trust. Such note was signed by petitioner and three of petitioner's officer-shareholders, all as makers. The liability of the makers of the note was joint and several. During the period May 26, 1972 through March 15, 1973, petitioner made cash payments to the pension *150 trust in reduction of its indebtedness. After each payment, a new promissory note was executed by the petitioner for the unpaid balance and was delivered to the trustees. The original promissory note given as petitioner's contribution to the pension trust for the year ended September 30, 1971, and all subsequent renewal notes were similar in form and were signed by petitioner and by at least two officers of the corporation as makers. The liability of the makers of each note was joint and several. Each maker, including the petitioner, was at all times during the period September 30, 1971, to March 15, 1973, solvent. Each note bore interest. On its income tax return for the taxable year ended September 30, 1971, petitioner claimed a deduction in the amount of $45,000 as a contribution "paid" to its pension trust. The Commissioner, in his statutory notice of deficiency, disallowed the deduction on the ground that a promissory note did not constitute "payment" within the meaning of section 404(a). The sole issue in this case is identical with the sole issue presented in Don E. Williams Co.,62 T.C. 166 (1974), on appeal (7th Cir., Aug. 12, 1974), which we decided *151 in favor of the government. The factual distinctions between the instant case and Williams are not sufficient to compel a contrary result here; therefore, no useful purpose would be served by repeating the analysis of the issue contained in Williams because it applies with equal force in the instant case. Legislation enacted subsequent to rendering our decision in Williams convinces us that our analysis of Congressional intent in Williams was valid. Lancer Clothing Corp.,T.C. Memo 1975-180. We continue to adhere to our position that a promissory note of a corporate employer payable to the exempt trust for its pension or profit-sharing plan does not constitute "payment" within the meaning of section 404(a) of the Code. As pointed out in Williams,supra, we disagree with the reversals of our decisions by the Courts of Appeals for the Third, Ninth and Tenth Circuits. Subsequent to our decision in Williams,supra, which is on appeal to the Seventh Circuit, we have decided two additional cases; Lancer Clothing Corp.,supra, which will be appealable to the Second Circuit and Patmon, Young & Kirk Professional Corp.,T.C. Memo 1975-185, *152 which is appealable to the Sixth Circuit. An appeal in the instant case would lie in the Fourth Circuit. Because the Fourth Circuit has not considered the question, this is not a case for the application of Jack E. Golsen,54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971). Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩